UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL R. GREEN, a/k/a
MU'EEM RASHAD,

        Plaintiff,

                                  CASE NO. 2:13-CV-14247
    v.                            JUDGE BERNARD A. FRIEDMAN
                                    MAGISTRATE JUDGE PAUL KOMIVES

JAMES G. MILLER,

        Defendants.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT (docket #12)**

I.     RECOMMENDATION: The Court should grant in part and deny in part defendant's motion

for summary judgment.  Specifically, the Court should deny defendant summary judgment with

respect to plaintiff's retaliation and access to courts claims based on defendant's alleged confiscation

of plaintiff's legal materials, and should grant summary judgment with respect to all other federal

constitutional claims alleged by plaintiff based on his failure to exhaust any such claims as required

by 42 U.S.C. § 1997e(a).  The Court should also decline to exercise supplemental jurisdiction over

plaintiff's state law claims, and should dismiss these claims without prejudice to plaintiff refiling

these claims in state court.

II.    REPORT:

A.    *Procedural Background*

        Plaintiff Virgil R. Green, also known as Mu'eem Rashad, commenced this action on October

4, 2013, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  At the times relevant

to this action, plaintiff was incarcerated at the Gus Harrison Correctional Facility in Adrian,

Michigan. Named as defendant is Corrections Officer James Miller. Plaintiff alleges that defendant Miller retaliated against him in various ways from July through October, 2012. First, plaintiff alleges that on July 29, 2012, he was a wheelchair aide for another inmate. Defendant made him wait outside the chow hall, while other wheelchair aides were permitted to remain inside. Defendant also wrote plaintiff a false misconduct ticket for failing to obey a direct order. The hearing officer dismissed the misconduct ticket. *See* Compl., ¶¶ 7-17. Second, plaintiff alleges that on September 11, 2012, defendant searched his cell and removed medication (lactaid tablets) and legal documents. Defendant wrote a misconduct ticket for possession of an illegal substance. The hearing officer reduced the charge to a minor offense of possessing contraband. As a result of these acts, plaintiff had to wait 30 days to get another prescription of lactaid. *See id.*, ¶¶ 18-38. Plaintiff alleges that defendant's acts of confiscating his medication and legal papers, and filing false misconduct charges, were done in retaliation for plaintiff's complaints and filing of lawsuits against defendant's coworkers, in violation of the First Amendment. Plaintiff also alleges that defendant's actions violated his right of access to the courts. Finally, plaintiff asserts state law claims of gross negligence and violations of the Michigan constitution.

The matter is currently before the Court on defendant's motion for summary judgment, filed on December 20, 2013. Defendant argues that he is entitled to summary judgment with respect to all of defendant's claims except the cell search claim based on plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Defendant also argues that he is entitled to summary judgment on plaintiff's cell search claim on the merits. Finally, defendant argues that the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff filed an affidavit in opposition to defendant's motion on January 21, 2014. On the

same date, plaintiff filed an affidavit request for further discovery pursuant to Rule 56(c).  Plaintiff

filed a second affidavit on January 24, 2014.

B.   *Legal Standard*

Under Rule 56, summary judgment should be granted "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury

could return a verdict for the non-moving party."  *Hedrick v. Western Reserve Care Sys.*, 355 F.3d

444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "A fact

is material only if its resolution will affect the outcome of the lawsuit."  *Hedrick*, 355 F.3d at 451-52

(citing *Anderson*, 477 U.S. at 248).  In deciding a motion for summary judgment, the Court must

view the evidence in a light most favorable to the non-movant as well as draw all reasonable

inferences in the non-movant's favor.  *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603,

613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of

material fact as to an essential element of the non-moving party's case."  *Hedrick*, 355 F.3d at 451

(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  To meet this burden, the moving party

need not produce evidence showing the absence of a genuine issue of material fact.  Rather, "the

burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district

court -- that there is an absence of evidence to support the non-moving party's case."  *Celotex Corp.*,

477 U.S. at 325; *see also*, FED. R. CIV. P. 56(c)(1) (moving party may meet its burden by "citing to

particular parts of materials in the record" or by "showing that the materials cited do not establish

the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

evidence to support the fact."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e). To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

C.      *Analysis*

1.      *Exhaustion*

Pursuant to the Prison Litigation Reform Act (PLRA), inmates challenging their conditions of confinement must exhaust their administrative remedies before pursuing a federal civil rights action. Specifically, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether

they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to properly exhaust a civil rights claim, a prisoner must comply with the prison system's "procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). As the Supreme Court recently explained, the scope of a prisoner's obligation to exhaust is defined not by the PLRA itself, but by the prison's grievance procedures:

> [T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones v. Bock*, 549 U.S. 199, 218 (2007) (citations omitted). Michigan provides for a three-step grievance procedure. A Step I grievance is directed to the Step I Grievance Coordinator at the facility in which the prisoner is incarcerated. If the prisoner is dissatisfied with the Step I response, he may file a Step II appeal to the Warden of the facility. If the prisoner is again dissatisfied with the Step II response, he may file a Step III appeal to the Director of the Department of Corrections or his designee. *See* MICH. DEP'T OF CORRECTIONS POLICY DIRECTIVE 3.02.130(V), (BB), (FF) (effective July 9, 2007). The Policy Directive provides that a prisoner must include "the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id*., § (R).

In support of his motion, defendant has submitted a Step III grievance report setting forth all of the Step III grievances plaintiff had submitted since May 2009, *see* Def.'s Br., Ex. B, as well as copies of the relevant grievances. Only one of these grievances addresses defendant Miller's

conduct, Grievance No. ARF-12-09-2990-17g.  In this grievance, plaintiff alleged:

> On 9-11-12, Officer Miller searched my cell/room and removed several civil
> court documents, which involved Officer Heath and Officer Lennox.  This act was
> done in conspiracy to retaliate against me for the previous complaints made against
> him to Captain Smith on 7-29-12[,] 7-31-12.  These legal court documents [were] a
> part of pending civil litigations against Officers Heath and Lennox.  These
> documents have not been returned to me, nor was I given a contraband removal slip
> for the confiscation of them.  I also previously wrote a complaint against Miller to
> Inspector Brewer (7-31-12).  The false misconduct written against me by Miller on
> 7-29-12 was dismissed and he continues to retaliate against me.  Relief: Return my
> documents.

Def.'s Br., Ex. D.  This grievance is sufficient to exhaust plaintiff's claim of retaliation based on the

September 11, 2012, search of his cell, a point defendant concedes.  However, defendant contends

that because this is the only grievance relating to his conduct, plaintiff's remaining retaliation claims

are unexhausted.  The Court should agree.

The Step III grievance report and grievance copies attached by defendant suffice to meet his

initial summary judgment burden of demonstrating that plaintiff failed to exhaust his administrative

remedies.  *See Dean v. Prison Health Servs.*, No. 10-14135, 2011 WL 1630114, at *6 (Mar. 28,

2011) (Michelson, M.J.), *magistrate judge's report adopted*, 2011 WL 1627336 (E.D. Mich. Apr.

28, 2011) (Cleland, J.); *see also, Ryder v. Wolfenbarger*, No. 08-12115, 2010 WL 3059361, at *5

(June 24, 2010) (Hluchaniuk, M.J.), *magistrate judge's report adopted*, 2010 WL 3259358 (E.D.

Mich. Aug. 18, 2010) (Zatkoff, J.); *Hernandez v. Harrington*, No. 2:09-cv-167, 2010 WL 3853215,

at *3 (Aug. 20, 2010), *magistrate judge's report adopted*, 2010 WL 3843773 (W.D. Mich. Sept. 28,

2010).  Petitioner has presented no evidence to contradict the Step III grievance report and show that

he has exhausted his administrative remedies with respect to any other claim.  Accordingly, the

Court should conclude that plaintiff has failed to exhaust any retaliation claim based on the filing

of false misconduct reports or confiscation of his medication.[1]

The Court should conclude, however, that plaintiff's grievance exhausts both his retaliation claim based on the alleged confiscation of his legal papers, and the independent access to courts claim.[2]  Both the retaliation and the access to courts claims rely on the same facts–defendant's alleged confiscation of his legal papers.  The MDOC grievance policy provides that a prisoner must include "the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC POLICY DIRECTIVE 03.02.130(R).  Nothing in the policy directive requires a prisoner to state a legal cause of action.  As the Sixth Circuit has explained, the exhaustion requirement does not

> require a prisoner's grievance to allege a specific legal theory or facts that
> correspond to all the required elements of a particular legal theory. Rather, it is

---

[1]Plaintiff notes that he made verbal complaints to defendant's supervisor about his alleged conduct, and that he was at least partially successful in defending against the misconduct charges. Neither, however, constitutes proper exhaustion. *See Shephard v. Wilkinson*, 27 Fed. Appx. 526, 527 (6th Cir. 2001) ("[A] prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); *Anderson v. Hamblen County Sheriff's Dep't*, No. 2:05-CV-53, 2005 WL 1266684, at *2 (E.D. Tenn. May 26, 2005) ("A verbal complaint to a prison official, which is made in lieu of utilizing an established grievance procedure, is insufficient to show administrative exhaustion of claims."); *cf. Reynolds-Bey v. Harris*, 428 Fed. Appx. 493, 501 (6th Cir. 2011) (noting that claim of retaliatory misconduct charges is separate and distinct from validity of misconduct charge itself, and thus must be separately grieved, but finding claim nevertheless exhausted by prisoner in that case based on his grievances).

[2]Defendant does not address, either with respect to exhaustion or the merits, plaintiff's independent access to courts claim.  It is clear, however, that plaintiff is presenting such a claim. Although plaintiff does not assert such a claim headed as a "Cause of Action," immediately preceding his causes of action, under the heading "Legal Claims," plaintiff alleges that "[d]efendant's acts, omissions, rules, policies, or practices, as set forth in paragraphs 7 through 38, violated Plaintiff's rights under the First Amendment Free Speech Clause, Petition Clause, and *Access to Court Clause*, to the United States Constitution." Compl., ¶ 39 (emphasis added).  Immediately before this paragraph, plaintiff alleges that "Officer Miller's sole purpose for confiscating Rashad's civil pleadings, was to conspire with other officials to hinder his ability to access the courts." *Id.*, ¶ 38.  These allegations clearly assert an access to courts claim that is independent of plaintiff's retaliation claims.

7

> sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint.

*Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003), *abrogated in part on other grounds by Jones*, 549 U.S. at 217.  Plaintiff's grievance was sufficient to give prison officials fair notice of both a retaliation claim and an access to courts claim based on the same alleged conduct of defendant, and thus was sufficient to exhaust both his claims.  *See Douglas v. Caruso*, No. 1:07-cv-18, 2008 WL 4534061, at *8-*9 (W.D. Mich. Sept. 30, 2008).

2.      *Merits of Plaintiff's Exhausted Retaliation Claim*

With respect to plaintiff's exhausted retaliation claim, defendant argues that he is entitled to summary judgment on the merits.  The Court should disagree.

In order to succeed on a retaliation claim, plaintiff must establish three elements:  "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two - that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (plurality op.).  However, if the "defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Id*. at 399.  While the adverse action inquiry is ordinarily a question of fact for the jury, some "adverse actions" are so *de minimis* that they fail to state a retaliation claim as a matter of law.  *See Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002); *Thaddeus-X*, 175 F.3d at 398-99.

Defendant argues that plaintiff cannot show that he suffered an adverse action, because a cell search is not sufficient to deter a person of ordinary firmness from continuing to engage in protected

8

conduct.[3]  Even if this is a correct statement of the law, plaintiff does not allege solely that defendant retaliated against him by searching his cell.  Rather, plaintiff alleges that defendant retaliated by searching his cell and, as part of the search, confiscating his legal materials.  And the Sixth Circuit has held that "a retaliatory cell search and seizure of an inmate's legal documents satisfies the adverse action prong of the *Thaddeus-X* test."  *Bell v. Johnson*, 308 F.3d 594, 604 (6th Cir. 2002); *see also*, *Clark v. Johnston*, 413 Fed. Appx. 804, 814-15 (6th Cir. 2011).  Thus, plaintiff's allegation that defendant confiscated his legal materials is sufficient to demonstrate adverse action.  Further, plaintiff has raised a genuine issue of material fact with respect to whether defendant confiscated his legal materials.  To be sure, defendant denies removing anything from plaintiff's cell other than the unlabeled medicine bottle.  *See* Def.'s Br., Ex. F, Aff. of James Miller, ¶ 6.  Plaintiff, however, alleges in his complaint that following the cell search conducted by defendant, his legal documents were missing.  *See* Compl., ¶¶ 22-23.  Plaintiff's complaint is signed under penalty of perjury.  A complaint based on personal knowledge that is verified–that is, signed under penalty of perjury pursuant to 28 U.S.C. § 1746–"serves as the equivalent of an opposing affidavit for the purposes of summary judgment."  *Jackson Hewitt, Inc. v. Greene*, 865 F. Supp. 1199, 1202 (E.D. Va. 1994) (citing *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991)); *accord Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996) (complaint verified under § 1746 is an "affidavit" for purposes of Rule 56); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) ("A verified complaint is to be treated as an affidavit for summary judgment purposes[.]"); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (same).  Where, as here, a motion for summary judgment essentially involves a credibility contest

---

[3]Defendant does not argue that he is entitled to summary judgment based on plaintiff's inability to meet the other elements of his retaliation claim.

between the parties' versions of events as set forth in their affidavits, summary judgment is not appropriate, for "the court [can] resolve this dispute only be deciding to believe [defendant]'s affidavit rather than [plaintiff's] affidavit[], and such a credibility determination is inappropriate in ruling on a motion for summary judgment." *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990); *see also*, *Sheehan v. Beyer*, 51 F.3d 1170, 1177 (3d Cir. 1995). *See generally*, *Anderson*, 477 U.S. at 249 ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). Because "[t]he nonmoving party's own affidavit or deposition can constitute affirmative evidence to defeat a summary judgment motion," *Courtney v. Biosound, Inc.*, 42 F.3d 414, 418 (7th Cir. 1994), *quoted with approval in Thomas v. City of Alliance*, No. 94-3219, 1995 WL 236673, at *2 (6th Cir. Apr. 21, 1995) (unpub. op.), defendant is not entitled to summary judgment based solely on his affidavit.

Accordingly, the Court should deny summary judgment with respect to plaintiff's retaliation claim based on the alleged confiscation of his legal materials.

3.      *Stay of Summary Judgment for Further Discovery*

In response to defendant's motion for summary judgment, plaintiff filed an affidavit seeking a stay of summary judgment pending further discovery. The Court should conclude that a stay of summary judgment is not appropriate. Rule 56(d) (formerly Rule 56(f)) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). As another court in this Circuit has explained:

10

When a party opposing a motion for summary judgment believes that further discovery is needed to develop the issues addressed in the motion, that party must file an affidavit pursuant to Fed.R.Civ.P. 56(f) ("R.56(f)"), to "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). Rule 56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Rule 56(f) is the means by which a party resisting a motion for summary judgment fulfills the "obligation to inform the district court of his need for discovery . . . ." *Cacevic*, 226 F.3d at 488 (quoting *Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996)). The party seeking additional discovery must "affirmatively demonstrate . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir.1998) (internal quotation marks omitted).

The filing of a Rule 56(f) affidavit is no mere formality:

> We, like other reviewing courts, place great weight on the Rule 56(f) affidavit, believing that "[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." The Second Circuit Court of Appeals has similarly explained that "[a] reference to Rule 56(f) and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit . . . and the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate."

*Cacevic*, 226 F.3d at 488 (quoting *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir.1996)) (citations omitted) (alterations in original). "Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Id.*

*Gencorp, Inc. v. AIU Ins. Co.*, 304 F. Supp. 2d 955, 960 (N.D. Ohio 2004); *see also*, *Gettings v. Building Laborers Local 310 Fringe Benefit Fund*, 349 F.3d 300, 305 (6th Cir. 2003); *Cacevic*, 226

11

F.3d at 488; *Evans*, 80 F.3d at 961.  Thus "a party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit."  *Evans*, 80 F.3d at 961 (internal quotation omitted); *see also*, *Whalen v. Century Communications*, No. 97-16572, 1999 WL 109630, at *1 (9th Cir. Dec. 10, 1998) ("An inadequate discovery time argument fails where the party complaining failed to take advantage of the procedural remedy offered in Rule 56(f).").

Here, plaintiff has failed to "affirmatively demonstrate . . . how postponement of a ruling on the motion[s] will enable him, by discovery or other means, to rebut the [defendants'] showing of the absence of a genuine issue of fact."  *Good*, 149 F.3d at 422.  Plaintiff's affidavit avers that he needs additional discovery relating to defendant's actions in removing him from the chow hall while he was assisting another inmate.  As explained above, however, plaintiff's claims relating to anything other than the confiscation of his legal materials are unexhausted.  The additional discovery plaintiff seeks in his affidavit all relate to the merits of his unexhausted claim; plaintiff does not seek further discovery relevant to the exhaustion inquiry.  Thus, the further discovery sought by plaintiff would not enable him to "rebut the [defendant's] showing of the absence of a genuine issue of fact" with respect to the exhaustion issue, and thus a delay in ruling on the summary judgment motion is not appropriate.  *See Chilingirian v. Boris*, 882 F.2d 200, 203 (6th Cir. 1989) (summary judgment not premature even though discovery had not been conducted where "there is no evidence that discovery would have disclosed disputed material facts in support of [plaintiff's] claim.").

4.     *State Law Claims*

Finally, defendant argues that the Court should decline to exercise supplemental jurisdiction

12

over plaintiff's state law claims. Congress has provided for limited, supplemental jurisdiction over state law claims that are related to federal claims over which a court has original jurisdiction:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . .

28 U.S.C. § 1367(a). However, Congress has also provided that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In determining whether to exercise supplemental jurisdiction, courts should consider the following factors: judicial economy, convenience, fairness to litigants, and comity. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also, Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Defendant argues that the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims because he is entitled to summary judgment on plaintiff's federal claims. It is true that when "federal law claims are eliminated before trial, the balance of these factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994); *see also, Gibbs*, 383 U.S. at 726 ("if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well"); *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1307 (9th Cir. 1992); *Morse v. University of Vermont*, 973 F.2d 122, 127-28 (2d Cir. 1992); *Reynolds v. Mercy Hosp.*, 861 F. Supp. 214 (W.D.N.Y. 1994); *Heller v. CACL Federal Credit Union*, 775 F. Supp. 839, 843 (E.D. Pa. 1991). Thus, "federal courts, absent exceptional circumstances, should abstain from exercising [supplemental] jurisdiction when federal claims in a case can be disposed of by summary judgment."

13

*Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986). However, as explained above defendant is not at this time entitled to summary judgment on all of plaintiff's federal claims.

Nevertheless, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims. In the supplemental jurisdiction statute, Congress has provided that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a)" if there are compelling reasons for doing so. 28 U.S.C. § 1367(c)(4). Here, comity counsels against exercising supplemental jurisdiction. In addition to bringing ordinary state law tort claims of negligence and gross negligence, plaintiff asserts that defendant's actions violated the Michigan constitution. *See* Compl., ¶ 42. It is not clear, however, whether the Michigan constitution itself provides a damages remedy for violations of its provisions, and that "novel and complex issues of state law are raised by plaintiff's state law claims. Fundamental concepts of federalism and respect for the courts of the State of Michigan dictate that Michigan state courts be allowed to address these issues." *Williams v. Van Buren Township*, 925 F. Supp. 1231, 1238 (E.D. Mich. 1996) (Gadola, J.); *cf. Pactiv Corp. v. Chester*, 419 F. Supp. 2d 956, 967 (E.D. Mich. 2006) (Feikens, J.). Accordingly, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims, and should dismiss these claims without prejudice to plaintiff refiling the claims in state court.

D.    *Conclusion*

In view of the foregoing, the Court should grant in part and deny in part defendant's motion for summary judgment. Specifically, the Court should deny defendant summary judgment with respect to plaintiff's retaliation and access to courts claims based on defendant's alleged confiscation of his legal materials, and should grant summary judgment with respect to all other federal constitutional claims alleged by plaintiff based on his failure to exhaust any such claims as required

14

by § 1997e(a). The Court should also decline to exercise supplemental jurisdiction over plaintiff's state law claims, and should dismiss these claims without prejudice to plaintiff refiling these claims in state court.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: April 16, 2014                          s/Paul J. Komives_____
                                              PAUL J. KOMIVES
                                              UNITED STATES MAGISTRATE JUDGE

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 16, 2014.

<u>s/ Kay Doaks</u>
Case Manager