UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL R. GREEN (#189440),

    Plaintiff,

                        CASE NO. 2:13-CV-14247
                        JUDGE BERNARD A. FRIEDMAN
                        MAGISTRATE ANTHONY P. PATTI

    v.

JAMES G. MILLER,

    Defendant.

---

## ORDER DENYING IN PART PLAINTIFF'S JANUARY 7, 2015 MOTION TO COMPEL DISCOVERY (DE 28)

### A.    Plaintiff's Complaint[1]

Virgil R. Green (#189440) is currently incarcerated at the MDOC's Kinross Correctional Facility (KCF) in Kincheloe, Michigan. *See* DE 29; *see also* www.michigan.gov/corrections, "Offender Search." On October 4, 2013, while incarcerated at Macomb Correctional Facility (MRF), Green filed a verified civil rights complaint against "Officer Miller," described as a Gus Harrison Correctional

---

[1] The instant case is the third that Plaintiff has filed in this Court. *See Green v. Messer*, Case No. 2:12-cv-12319-PJD-PJK (E.D. Mich.) and *Green v. Lennox*, Case No. 2:12-cv-14003-SFC-RSW (E.D. Mich.). Also, under the name Mu'eem Rashad, Plaintiff attempted to intervene in *Conway v. Purves*, Case No. 4:13-cv-10271-LVP-MJH (E.D. Mich.) (*see* DE 81, DE 96).

Facility (ARF) Corrections Officer.   *See* DE 1 at 1-8.[2]   Defendant has since been identified as James G. Miller.   DE 10.

The facts underlying Plaintiff's complaint begin on July 29, 2012 and continue at least through October 1, 2012.   DE 1 ¶¶ 7-38.   Plaintiff sets forth five (5) causes of action.   DE 1 ¶¶ 39-43.   He seeks declaratory relief, compensatory damages and punitive damages, as well as an award of costs, expenses and interest on any judgment awarded.   DE 1 at 7.[3]

**B.   Defendant's Dispositive Motion**

Defendant Miller filed a motion for summary judgment on December 20, 2013.   DE 12.   On May 8, 2014, Judge Friedman entered a memorandum opinion and order (DE 19) accepting and adopting Magistrate Judge Komives's April 16, 2014 report (DE 18), which recommended:

> . . . the Court should deny defendant summary judgment with respect to plaintiff's retaliation and access to courts claims based on defendant's alleged confiscation of plaintiff's legal materials, and should grant summary judgment with respect to all other federal constitutional claims alleged by plaintiff based on his failure to exhaust any such claims as required by 42 U.S.C. § 1997e(a). The Court should also decline to exercise supplemental jurisdiction over plaintiff's state law claims, and should dismiss these claims without prejudice to plaintiff refiling these claims in state court.

---

[2] Attached to plaintiff's complaint are five (5) exhibits.   DE 1 at 9-15.

[3] When this case was filed, it was assigned to Judge Friedman and Magistrate Judge Komives.   DE 1.   Judge Friedman referred the case to Magistrate Judge Komives for pretrial matters.   DE 6, DE 21.   On January 13, 2015, the case was reassigned to me.

DE 18 at 1. Specifically, Magistrate Judge Komives recommended the Court conclude that "plaintiff's grievance [ARF-12-09-2990-17g] exhausts both his retaliation claim based on the alleged confiscation of his legal papers, and the independent access to courts claim." DE 18 at 6, 7.

**C.   Pending Matter**

Currently before the Court is Plaintiff's January 7, 2015 verified motion to compel discovery. DE 28. This motion concerns Plaintiff's October 13, 2014 requests for production of documents (DE 28 ¶ 4) and Defendant's November 14, 2014 response that documents would be provided for 25¢ per page (DE 28 ¶ 5). Plaintiff represents that he is indigent and unable to afford this cost (*see* DE 28 ¶¶ 6, 9 & 10) and explains that he needs the requested documents and Defendant's assistance to acquire them (DE 28 ¶¶ 1, 7 & 8).

Defendant Miller responded on January 21, 2015. DE 30; *see also* DE 31 (Certificate of Service). Miller's sole argument is that "[t]his Court should deny the Plaintiff's Motion to Compel Discovery because courts have held that Defendants are not required to subsidize Plaintiff's litigation costs." DE 30 at 3-4.

**D.   Discussion**

According to Plaintiff, his October 13, 2014 requests for production of documents sought (1) the March 17, 2012 property inventory receipt; (2) the July

29, 2012 Class II misconduct for disobeying a direct order; and (3) the September 11, 2012 cell/room shakedown log.  *See* DE 28 at 2-3 ¶ 4.  Defendant represents that his November 14, 2014 response requested "that Plaintiff pay a copying fee for the requested documents."  DE 30 at 3.

Upon consideration, Plaintiff's motion to compel (DE 28) is denied in part. By way of background, Plaintiff is proceeding *in forma pauperis*.  Along with his complaint (DE 1), Plaintiff filed an application to proceed *in forma pauperis* (DE 2).  Thereafter, the Court entered an order waiving prepayment of the filing fee and directing payment of the initial partial filing fee and subsequent payments (DE 4) and an order directing service without prepayment of costs and authorizing the U.S. Marshal to collect costs after service is made (DE 5).

Nonetheless, "[a]n indigent plaintiff bears his own litigation expenses." *Dujardine v. Michigan Dept. of Corrections*, No. 1:07-cv-701, 2009 WL 3401172, 1 (W.D. Mich. Oct. 19, 2009) (Brenneman, M.J.) (citing *Tabron v. Grace,* 6 F.3d 147, 159 (3rd Cir.1993)).  "*Pro se* litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure.  However, this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)." *Coates v. Kafczynski*, 2006 WL 416244, 2 (W.D. Mich. Feb. 22, 2006) (Enslen, J.)

4

(quoting *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, 1 (N.D. Ill. June 26, 1996) (citing cases)); *see also Shoucair v. Snacker*, No. 05-40341, 2009 WL 482689 (E.D. Mich. Feb. 25, 2009) (Whalen, M.J.). "Section 1915(a)(1) of Title 28, United States Code, authorizes the Court to waive certain fees associated with litigation, but does not provide that the Court may require defendants to pay plaintiff's discovery costs. Such costs of litigation are to be borne by an indigent party." *McCloy v. Correction Medical Services*, No. 07-13839, 2008 WL 5351014, 1 (E.D. Mich. Dec. 18, 2008) (Hluchaniuk, M.J.). In sum, "[t]he cost of reproducing discovery documents generally falls on the requesting party. Defendants are not required to subsidize plaintiff's civil litigation efforts." *Cage v. Harry*, No. 1:09-cv-512, 2010 WL 3909473, 2 (W.D. Mich. Sept. 30, 2010) (Scoville, M.J.) (internal and external citations omitted).

Therefore, Plaintiff's motion is denied to the extent he is asking the Court to require Defendant Miller to produce the requested documents without compensation for the copying costs of doing so. Should Plaintiff still wish to acquire these documents, he might apply for a photocopying loan as permitted by MDOC Policy Directives. *See*, *i.e.,* MDOC PD 04.02.105 ("Prisoner Funds"), effective Jan. 10, 2010, ¶ Z(4); MDOC PD 05.03.116 ("Prisoners' Access to the Courts"), effective Oct. 17, 2014, ¶¶ M-O ("Legal Photocopying Services"); *see also Cage*, 2010 WL

3909473, 2 ("under the operating procedure, he can seek a loan to pay for photocopies of his medical records necessary for this case."). Alternatively, to the extent practicable, Plaintiff may request that Defendant make the papers available for inspection as allowed by Fed. R. Civ. P. 34.

**E.     Order**

Upon consideration, Plaintiff's January 7, 2014 motion to compel discovery (DE 28) is DENIED to the extent it seeks production of the requested documents without payment of the fees for copying. Once Plaintiff provides payment of the fees for copying, then Defendant Miller SHALL serve copies of the requested document within thirty (30) days.

**IT IS SO ORDERED.**


Dated: March 9, 2015           s/Anthony P. Patti
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE



Dated:   March 9, 2015         s/Michael L. Williams
                               Case Manager for the
                               Honorable Anthony P. Patti